IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-75-BO

| | | |
|---|---|---|
| JAMES COBURN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | O R D E R |
| NANCY A. BERRYHILL,<br>*Acting Commissioner of Social Security*, | ) ) ) | |
| Defendant. | ) ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 18, 2017, in Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed his application on October 31, 2012, alleging disability beginning September 16, 2011. After initial denials, a hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's physical impairments of degenerative-disc disease, obesity, and hypertension were considered severe at step two, but were not found alone or in combination to meet or equal a listing at step three. At step four the ALJ concluded that plaintiff had the RFC to perform light work except that he could frequently balance, climb, kneel, and crawl and occasionally stoop and crouch. The ALJ then found that plaintiff had no past relevant work. The ALJ then found, in considering plaintiff's age, education, work experience, and RFC, that there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

In disputing the ALJ's opinion, plaintiff first argues that the ALJ erred in finding that plaintiff's impairments did not meet or medically equal Listing 1.04, Disorders of the Spine. Plaintiff has the burden of demonstrating that his impairments met or medically equaled the severity of those in the Listing of Impairments. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). Further, he must present "medical findings equal in severity to all the criteria for the one most similar listed impairment," and "cannot qualify for benefits under the equivalence step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original).

According to the regulations, to meet Listing 1.02 one must have disorder of the spine, resulting in compromise of a nerve root (including the cauda equina) or the spinal cord, with (A) evidence of nerve-root compression, (B) spinal arachnoiditis, or (C) lumbar spinal stenosis. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1.04). Plaintiff argues that he satisfied the requirements of paragraph A, which requires that a claimant show evidence of nerve-root compression characterized by (1) neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss; and, if there is involvement of the lower back, (4) positive straight-leg raising test (sitting and supine). 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1.04A); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

The ALJ found that plaintiff's degenerative-disc disease was a severe, medically determinable impairment, and thus a disorder of the spine. Tr. 17. However, the ALJ found that neither plaintiff's degenerative-disc disease, nor any combination of his impairments, satisfied the requirements of any the additional criteria under Listing 1.04. The ALJ's opinion on this

4

matter is supported by substantial evidence. First, the record does not demonstrate that plaintiff suffered from motor loss accompanied by sensory or reflex loss. In October 2012, November 2012, and January 2013, examination revealed no objective lower-extremity motor deficit or sensory deficit, and reflexes were +1 in the knees and ankles. Tr. 19, 238, 240, 248. In November 2012, December 2012, January 2013, April 2013, July 2013, October 2013, twice in August 2013, September 2013, October 2013, January 2014, May 2014, August 2014, November 2015, and December 2015, examination revealed normal motor strength and tone and grossly intact sensation and cranial nerves. Tr. 20, 253, 256, 260, 274, 318, 322, 325, 328, 332, 335, 364, 367, 370, 373–74, 410–11, 416. In September 2015, plaintiff had full motor strength and intact sensation to pinprick in the lower extremities. Tr. 400.

Additionally, the record does not demonstrate that plaintiff satisfied the straight-leg raising test as required by the listings to show this impairment. The Listings require that the straight-leg test be positive in both sitting and supine positions, and though plaintiff has identified a few instances of a positive test in one or the other position, there is no instance in the record of a positive test in both positions. Rather, in general the tests were negative. Tr. 19, 238, 240, 248, 343, 400. For these reasons, plaintiff did not meet his burden at this stage to show that he had an impairment as defined by the Listings, and substantial evidence supports the ALJ's findings that plaintiff does not meet Listing 1.04 or any other Listing.

Plaintiff next argues that the ALJ erred in finding that plaintiff has the RFC to perform light work with limitations. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and

continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

Plaintiff relies in large part on his own testimony in arguing that the evidence does not support the ALJ's RFC finding. However, subjective testimony alone cannot sustain a finding of disability, and the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. SSR 16-3p. The ALJ provided several reasons, which are supported by the record evidence, for why plaintiff's allegations are not well-supported. For example, while plaintiff testified in November 2014 that he spent six or seven hours per day lying down and that he could stand for only 10 minutes at a time, *see* Tr. 428–29, plaintiff's spine specialist recommended, in August and November 2014, that plaintiff begin a walking program. *See* Tr. 19, 21, 385–86. As another example, while plaintiff testified that back pain affected his ability to concentrate or focus and made him drowsy, and that his daily routine consisted of taking medicine and not much else, *see* Tr. 429–30, plaintiff reported in May 2014, following his back surgery, that he was doing well and was not taking pain medication every day. *See* Tr. 19–21, 345.

Additionally, as the ALJ noted, no treating physician opined that plaintiff was disabled or imposed a specific limitation on plaintiff's ability to work. *See* Tr. 21. Moreover, the medical opinion of the State-agency medical consultant, Dr. Woods, was that plaintiff was able to perform *medium* work with some additional postural limitations. *See* Tr. 294–300. The ALJ accounted for this opinion, and, by finding that plaintiff was limited instead to light work with some additional postural limitations, *see* Tr. 18, gave plaintiff "the benefit of the doubt concerning his subjective complaints." Tr. 22.

Because plaintiff's testimony is not supported by medical opinion or evidence, because plaintiff does not cite substantial contrary evidence in the record to support his contention that the ALJ's RFC was incorrectly made, because the ALJ expressly accounted for plaintiff's documented impairments in his RFC, and because the ALJ properly relied on physician examinations which supported his findings, the Court finds that the ALJ's RFC is supported by substantial evidence.

In summary, the evidence relied on by the ALJ, including physician opinions and record medical evidence, supported his Listing and RFC. For this and all the reasons discussed above, the Court finds that the decision of the ALJ in this case is supported by substantial evidence. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion for judgment on the pleadings [DE 18] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 2 day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE